HOOVER v. MORES *et al.*

1. **Vendor and vendee:** FORECLOSURE OF TITLE BOND. In an action for the foreclosure of a title bond no tender of a deed was alleged in the petition, but the defendant alleged and endeavored to prove in defense on the trial that he tendered the purchase-money and demanded a deed, and that thereupon the plaintiff offered him an insufficient one. The court ordered the deed produced, to which defendant objected on the ground that no tender of a deed had been pleaded by plaintiff. *Held,* that the objection was properly overruled.

2. —— SUFFICIENCY OF DEED. Where A executes a title bond to B, which is by the latter assigned to C, the tender by A to C of a deed excepting from the covenant against incumbrances, judgments and claims against B, is sufficient.

*Appeal from Bremer District Court.*

THURSDAY, JUNE 19.

ON the 30th day of May, 1863, one Lewis Bacher executed to plaintiff his promissory note for $200, payable on or before the 1st day of June, 1869, in consideration whereof, the plaintiff executed to said Bacher his title bond, agreeing upon the payment of said note and all taxes accrued on the land, to convey, with sufficient covenants of warranty, the W. ¼ of section 33, township 92, range 13. Lewis Bacher and wife assigned this bond to the defendant W. H. Mores.

This action is brought upon the note and for the foreclosure of the bond. The defendant Mores answered, substantially admitting the allegations of the petition, and alleging that when the note matured he tendered the full amount thereof and interest to the agent of plaintiff who had the same for collection, and demanded a deed, as the assignee of Lewis Bacher, which was refused, and that, the plaintiff being a non-resident of the State, he deposited the money with the clerk of the district court of Bremer county for the use of plaintiff when he should deliver a deed according to the terms of the bond. Upon the trial the plaintiff put the note and bond in evidence and rested.

Defendant testified to the tender as alleged, and stated that the agent of plaintiff thereupon offered him a deed, which was not, as he believed, in accordance with the terms of the bond, and that he demanded a deed in accordance with the terms of the bond, and deposited the money with the clerk, for plaintiff, when he should make a proper deed.

Thereupon the deed, by direction of the court, was produced by H. S. Hoover, plaintiff's agent, and identified by W. H. Mores as the one offered him.

The plaintiff then offered the deed in evidence, to which defendant objected upon the grounds that plaintiff had not pleaded the same, that there was no allegation in the pleadings to which it was applicable, and that it was immaterial and irrelevant and prejudicial to defendant. The objection was overruled and the deed admitted. The deed is in the usual form except as to the covenants, which are as follows: " And we do hereby covenant with the said Wm. H. Mores, that we are lawfully seized of said premises, that they are free from incumbrance *except judgments and claims against one Lewis Bacher*, that we have good, right and lawful authority to sell and convey the same; and we do hereby covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever, *except judgments and claims against one Lewis Bacher;* and the grantors aforesaid hereby relinquish all contingent rights, including right of dower, which they have in and to the said described premises."

The court rendered judgment that the defendant Mores should take this deed, and pay the sum of $422.60 within five days, and that in default of such payment the bond be foreclosed, and that special execution issue for said amount.

The defendants appeal, and assign the following errors:

The court erred in ordering the deed produced.

The court erred in receiving the deed in evidence.

The court erred in rendering judgment in favor of plaintiff.

The court erred in rendering a conditional judgment.

*G. C. Wright* for the appellant.

*Burke & Kinne* for the appellee.

DAY, J. — I. The defendant Mores claimed that the court erred in requiring the deed from plaintiff to be produced, because there had been no notice to him that such deed was in existence, and there is no allegation of a tender in the pleadings; and he insists that he was taken by surprise, by the production of the deed. Under the circumstances of this case the ruling of the court was right. The defendant in his answer relied upon a full offer of performance upon his part, and a refusal of plaintiff to deliver a deed.

No replication is admissible to this answer under our system of pleading, but without reply the plaintiff is permitted to introduce any competent evidence for the purpose of rebutting the affirmative case made by defendant. To sustain the case on his part, the defendant testified, not to a refusal of plaintiff to deliver a deed, but to the offer of a deed which, in the judgment of defendant, did not answer the requirements of the bond, and which he accordingly refused. What evidence more competent and proper, in determining whether plaintiff had failed as alleged, than the production of the deed itself, from which its sufficiency could be determined by the court? And why need defendant be notified of the existence of such deed, when he had himself testified to such existence, and given his opinion that it was not a compliance with the bond?

II. It is next claimed that the court erred in admitting the deed in evidence as a warranty deed, because the interlineations in the deed of the words, " *except judgments and claims against one Lewis Bacher*," constitutes a cloud upon the title to the land. Lewis Bacher is the party to whom the bond was originally executed. If he had retained the bond and plaintiff had deeded to him, he would not have been required to covenant against the acts of Lewis Bacher done since the agreement of sale was executed. Then can Mores occupy any better position than his assignor Bacher? Or can Bacher, by an assignment of the bond, cast upon plaintiff obligations which did not before exist? Certainly not. The contract was

made in 1863. It was not to be completed until 1869. In the mean time, by the agreement, Bacher was to pay the taxes which might accrue. Must plaintiff execute to Mores a deed of warranty against these taxes? To ask this question is to answer it. It is claimed that there may have been liens against Bacher upon this land ante-dating the contract. This could not have been unless the title had before been in him, and of this there is no proof whatever. The deed was a sufficient compliance with the requirements of the bond.

III. Next it is urged that the court erred in rendering judgment that Mores pay a sum of money and take the deed, because no such relief is asked by plaintiff, and the court had no jurisdiction to make such order. The defendant, however, alleges that he tendered the plaintiff the amount due and deposited the same with the clerk, to be paid upon the delivery of a sufficient deed. Such a deed has been offered. Surely defendant cannot complain that he is allowed the option of doing what he offered to do. If he does not wish the land for the money, under the judgment of the court he need not take it. He may allow the bond to be foreclosed and the land sold under special execution.

IV. It is claimed that the court erred in rendering judgment for $422.06, because the money was tendered and the tender was kept good. But the evidence shows that the tender was made only upon condition that plaintiff delivered a deed other than the one offered in evidence, whilst we find that the deed offered by plaintiff is sufficient in law and a compliance with the bond.

The defendant, therefore, is at fault for the failure of the completion of the contract by the acceptance of the money and the delivery of the deed. He exacted terms in his tender which he had no right to demand, and hence his tender does not avail. The judgment of the court below is right, and is

Affirmed